IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–05–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ADAM WALTER CAMPBELL, | |
| Defendant. | |

Before the Court is Defendant Adam Walter Campbell's Unopposed Amended Motion for Early Termination of Supervised Release. (Doc. 67.) On January 31, 2019, Mr. Campbell was adjudged guilty of one count of using and maintaining premises for manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1). (Doc. 52.) On May 30, 2019, Mr. Campbell was sentenced to time served, followed by three years of supervised release. (Doc. 58.) Mr. Campbell now seeks termination of the remaining term of supervised release. The United States does not object. (Doc. 68.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to

1

      the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Campbell began his three-year term of supervised release on May 30, 2019, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Campbell's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Campbell waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Campbell's supervised release is obviously favorable to him and the United States does not object. (Doc. 68.) Accordingly, the Court will dispose of this matter without a hearing.

2

U.S.C. § 3553(a).  This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Campbell's remaining term of supervised release.  The record is devoid of any evidence indicating that Mr. Campbell has ever failed to comply with the conditions of his supervised release.  Moreover, Mr. Campbell has established that the premature termination of his supervised release will alleviate vocational difficulties by affording him "unfetter freedom of travel to look at future jobsites, attend meetings, and prepare bids." (Doc. 67 at 2.)  It will also permit him to more easily travel back to California, where his wife and step-daughter live.  (*Id.*)  The United States agrees that removing such impediments will "foster stability in [Mr. Campbell's] employment and family life." (Doc. 68 at 3.)  The Court agrees and finds that the interests of justice support early termination in this matter.  The Court wishes Mr. Campbell the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 67) is GRANTED.

IT IS FURTHER ORDERED that Mr. Campbell's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of

the making of this Order.

DATED this 18th day of August, 2021.

_____
Dana L. Christensen, District Judge
United States District Court

4